UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-53-TS |
| | ) | |
| JIMMIE L. SEWELL | ) | |

OPINION AND ORDER

The Defendant, Jimmie Sewell, is charged with distributing crack cocaine and with maintaining a crack house. The Defendant has moved to suppress [DE 95] evidence that he claims the police obtained as a result of an illegal search of his home and illegal arrest and interrogation.

STANDARD FOR GRANTING REQUESTS FOR HEARINGS

A.   **Suppression Hearing**

A district court is required to conduct an evidentiary hearing on a motion for suppression "only if evidence on an issue of fact is necessary to the decision of the motion." *Matter of Searches and Seizures Conducted on October 2, and 3, 1980*, 665 F.2d 775, 776 (7th Cir. 1981). The defendant requesting a suppression hearing bears the burden of demonstrating that there are disputed material facts. *United States v. Torres*, 191 F.3d 799, 811 (7th Cir. 1999). A defendant who fails to provide "'definite, specific, detailed, and nonconjectural' facts that demonstrate a disputed issue of material fact" is not entitled to a hearing. *United States v. Segal*, 299 F. Supp. 2d 856, 860 (N.D. Ill. 2004) (quoting *Torres*, 191 F.3d at 811).

**B.**     *Franks* **Hearing**

Search warrant affidavits are presumed to be valid. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). In *Franks v. Delaware*, the Supreme Court defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. The Supreme Court held that a hearing to determine the veracity of a search warrant affidavit is required if the defendant can show: "(1) the warrant affidavit contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the misrepresentations were necessary to the determination of probable cause to issue the warrant." *United States v. Whitley*, 249 F.3d 614, 620 (7th Cir. 2001) (citing *Franks*, 438 U.S. at 155–56). The Defendant's allegations should "point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171. "Allegations of negligence or innocent mistake are insufficient." *Id.*

**MOTION TO SUPPRESS**

On May 23, 2008, the Defendant filed a motion to suppress. In it, the Defendant provides three grounds for the suppression of evidence: (1) his post-arrest statements to police were involuntary; (2) the police improperly executed the search warrant of his home; and (3) the search warrant was based upon false allegations of controlled drug purchases from the Defendant at his home. (DE 95 at 1.)

2

In support of his claim that his statements to police were involuntary, the Defendant states that he was threatened with bodily harm and with a life sentence unless he talked to the officers. The government denies these allegations and acknowledges that a hearing will be necessary to resolve the factual dispute.

The Defendant provides no argument or facts in support of his claim that the search warrant was improperly executed. The government responds that, without any indication from the Defendant as to what aspect of the search warrant's execution was unreasonable, it cannot make a specific response or evaluate whether any factual dispute exists.

For the other challenge to the search warrant, the Defendant states that the warrant was "based upon false allegations, namely that Det. Greg Addison had previously made purchases of controlled substances from Mr. Sewell at his address." (DE 95 ¶ 3(b).) Because this is a challenge to the veracity of an affidavit submitted with the application for a search warrant, the Defendant is only entitled to an evidentiary hearing if he meets the requirements outlined in *Franks*. The government contends that these requirements have not been met.

**EVIDENTIARY HEARING**

Only one of the Defendant's requested basis for relief require an evidentiary hearing: his claim that his post-arrest statements were not voluntary. The Defendant's claim that the search warrant was not properly executed is a broad statement without any specific facts upon which to base the claim or a hearing, or to even identify the alleged wrong. Even so, the Defendant may still address this claim at the hearing if the Defendant meets his burden of demonstrating that there are disputed material facts and does so before the scheduled date of the hearing. As for the

claim that the search warrant was not valid because it contained untrue statements, the Defendant falls well short of the preliminary showing required to obtain a *Franks* hearing. He identified the purported false information, but does not indicate what makes it false. For example, does he dispute the identity of the officer involved in the controlled purchases, the location of the transaction, that dates they occurred, or that he was the seller? He has not provided a statement of supporting reasons or offer of proof. He does not present the sworn statement of witnesses or explain their absence. The Defendant has not alleged deliberate falsehood or reckless disregard for the truth. The record is insufficient at this point to entitle the Defendant to a *Franks* hearing to challenge the veracity of statements in the search warrant affidavit.

## CONCLUSION

An evidentiary hearing is scheduled for Wednesday, June 18, 2008, 2008, at 10:00 AM before the Honorable Theresa L. Springmann. The subject of the hearing is the Defendant's claim that his post-arrest statements to police were involuntary and should be suppressed. The Defendant is not entitled to present evidence or to cross-examine witnesses regarding the search warrant or the search warrant affidavit, unless and until the proper showing for an evidentiary hearing is made in writing before June 9, 2008. The final pretrial conference set for June 16, 2008, and jury trial set on June 24, 2008 are VACATED.

SO ORDERED on June 3, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT