UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-53-TS |
| | ) | |
| JIMMY L. SEWELL | ) | |

**OPINION AND ORDER**

The Defendant, Jimmy Sewell, is charged with distributing crack cocaine and with maintaining a crack house. Although the Defendant's trial has been continued numerous time upon his request (August 1, 2007; November 2, 2007; November 21, 2007; January 18, 2008; April 21, 2008; August 1, 2008, August 27, 2008), he is currently scheduled for trial to begin on November 18, 2008. This matter is before the Court on a Motion in Limine [DE 64] filed by the Government on January 15, 2008.

In its Motion in Limine, the Government notes that the Defendant faces a potential mandatory penalty of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851. The Government seeks to prohibit the Defendant "from referring in the presence of the jury at trial, either directly or indirectly, to the potential penalties, statutory maximum, or sentencing range upon conviction." (Motion in Limine 1; DE 64.) The Government's request is supported by Supreme Court precedent set forth in *Shannon v. United States*, 512 U.S. 573 (1994). In *Shannon*, the Court reasoned that "[i]nformation regarding the consequences of a verdict is . . . irrelevant to the jury's task" and that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." 512 U.S. at 579. Evidence of the

Defendant's potential penalties in this case would, likewise, have no probative value and should not be admitted. The Court can think of no right of the Defendant, and he has not presented any, that would be infringed by this ruling.

Because evidence of the potential penalties the Defendant may face upon conviction is not relevant to the jury's task, the Court GRANTS the Government's Motion in Limine [DE 64]. The Defendant is prohibited from eliciting testimony about, or otherwise referring to, the potential penalties, statutory maximum, or sentencing range he faces upon conviction.

SO ORDERED on October 17, 2008.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT