UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-53-TLS |
| | ) | (CAUSE NO.: 1:17-CV-167) |
| JIMMY L. SEWELL | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 179]. Because the Defendant filed the Motion well outside of § 2255's one-year statute of limitations, and because his claim does not rely on a newly asserted right made retroactively applicable to cases on collateral review, his Motion is dismissed.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings district courts must conduct a preliminary review of § 2255 motions. The rule states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." The Defendant's Motion is untimely on its face, and therefore does not withstand Rule 4(b) review.

Section 2255(f) provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

>    (1) the date on which the judgment of conviction becomes final;

>    ***

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f). The Defendant was sentenced and judgment was entered on March 2, 2009.

The Defendant did not appeal his judgment, so his conviction became final when the deadline for filing a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). The Defendant's Motion was filed more than eight years past the date on which his conviction became final. The Defendant acknowledges this, but maintains that *Mathis v. United States*, 136 S. Ct. 2243 (2016), announced a new rule of law that has been made retroactive. (Mot. ¶ 18.)

But even if *Mathis* could satisfy § 2255(f)(3), *see, e.g., Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding that *Mathis* did not announce a new rule that would allow a second or successive habeas motion), it has no application to his case. *Mathis* dealt with the analysis of the elements of predicate violent felonies and their generic counterparts under the Armed Career Criminal Act (ACCA). *See Mathis*, 136 S. Ct. at 2251 (reiterating that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense"); *id.* at 2257 (holding that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence"). The case had nothing to do with the definition or meanings ascribed to the term "controlled substance offense" that is found in the career offender guidelines of the United States Sentencing Guidelines that were applied to the Defendant to enhance his sentencing range. According to the Defendant's Presentence Investigation Report, the Defendant was designated as a Career Offender based on convictions for dealing in a substance represented to be a controlled substance (PSIR ¶ 62), and dealing cocaine (PSIR ¶ 69). Thus, his offense level and his criminal history category were determined by U.S.S.G. § 4B1.1. (PSIR ¶¶ 46, 80.) The Defendant was not sentenced under the ACCA, nor was his sentence enhanced by a crime of violence.

Although the Defendant has not specifically invoked *Johnson v. United States*, 135 S. Ct.

2551 (2015), as a grounds for relief, the Court notes that counsel was previously appointed to the Defendant to determine whether he was eligible for relief under the Supreme Court's holding in *Johnson*, which struck down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii).[1] Counsel determined that, because the Defendant's career offender status was the result of "controlled substance offenses," U.S.S.G. § 4B1.2(b), his sentence was not affected by *Johnson*, and counsel moved to withdraw his appearance.

Where a sentence is unaffected by *Johnson* or any other "retroactively applicable" right "newly recognized by the Supreme Court," no fresh window to file a collateral attack exists. 28 U.S.C. § 2255(f)(3); *see also Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). In any event, *Johnson* was decided on June 26, 2015, so the Defendant's April 19, 2017, Motion would not be considered timely even if it fell within the scope of the *Johnson* decision.

**NO CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

---

[1] Based on the *Johnson* decision, the judges of this Court appointed the Northern District of Indiana Federal Community Defender for the limited purpose of representing those individuals who would qualify for court-appointed counsel and who might be eligible for resentencing consideration based on that case. *General Order 2015-5*, August 7, 2015.

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Because neither *Johnson* nor *Mathis* provides a basis for the relief that the Defendant seeks, he cannot rely on them to file a habeas motion more than eight years after the judgment in his criminal case became final. No reasonable jurist could conclude that the Defendant should be allowed to proceed further, and the Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 179], and DECLINES to issue a Certificate of Appealability.

SO ORDERED on April 27, 2017.

                                             s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT