# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-53-TLS |
| | ) | |
| JIMMY L. SEWELL | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant Jimmy L. Sewell's pro se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 210], filed on May 14, 2018. The Defendant maintains that he is entitled to a reduction in his sentence pursuant to Amendments 706, 711, 750, and 782 to the Sentencing Guidelines.

The Court previously considered substantially the same motion, and concluded that the Defendant was not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2). (*See* 11/15/16 Opinion and Order, ECF No. 177.) The Seventh Circuit has held that defendants "are not entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range" *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) ("Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive."). In any event, the same reasons cited in the Court's November 15, 2016, Opinion still apply. The Defendant was sentenced as a career offender based on previous convictions for dealing controlled substances. The Guideline amendments did not have the effect of lowering the Defendant's Guideline range, which remained unchanged due to the application of the career offender provision. *See United States v. Williams*, 694 F.3d 917 (7th Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) ("Because the amendments leave the career-offender

guideline unchanged and [the defendant's] offense level . . . and criminal-history category . . . were based on that guideline, *see* U.S.S.G. § 4B1.1(b), the amendments do not affect [the defendant's] applicable guidelines range."). Accordingly, the Defendant was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the relief he requests is not available.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 210].

SO ORDERED on May 16, 2018.

                                      s/ Theresa L. Springmann
                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT