UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:07-CR-53-TLS |
| JIMMY L. SEWELL | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 226], filed on September 6, 2019. In the Motion, Defendant asserts that he is eligible for a sentencing reduction because he was convicted of a crime that occurred prior to August 3, 2010, and under a statute for which the statutory penalty was modified by the Fair Sentencing Act. Although his guideline range remains unchanged due to his career offender status, Defendant asks the Court to consider reducing his sentence based on the factors listed in 18 U.S.C. § 3553(a) and evidence of post-sentencing mitigation. The Government contends that the § 3553(a) factors do not justify a reduction in Defendant's term of imprisonment. For the reasons set forth below, the Court finds that Defendant is eligible to be considered for a reduced sentence under Section 404(b) of the First Step Act and finds, in its discretion, that the § 3553(a) factors and Defendant's post-sentencing conduct warrant a reduction in his sentence. Therefore, the Court GRANTS Defendant's motion and reduces Defendant's term of imprisonment to 234 months and his term of supervised release to 8 years.

## BACKGROUND

Prior to 1996, Defendant was convicted of five misdemeanors. PSR ¶¶ 52–61. In January 1996, he was convicted in Allen County Superior Court of dealing in a substance represented to be a controlled substance, for which he received a suspended term of three years imprisonment and a term of probation. *Id.* ¶¶ 62–64. On February 6, 1996, while on probation for that offense,

Defendant was arrested, charged, and convicted of another state drug offense, receiving a sentence of six years imprisonment. *Id.* ¶¶ 64–66. On June 26, 1996, Defendant was arrested, charged, and sentenced in Allen Superior Court for dealing in cocaine, and he received an eight-year sentence. *Id.* ¶¶ 69, 70. After being placed on parole in 2003, Defendant was convicted of battery and criminal mischief. *Id.* ¶¶ 71–72. Defendant's criminal history included three additional misdemeanor convictions in 2005, 2006, and 2008 for conduct in 2004, 2005, and 2007, respectively. *Id.* ¶¶ 73–78.

In April 2007, Defendant sold cocaine base, commonly known as "crack cocaine," to a confidential informant on five occasions in the amounts of .84 grams, 24.5 grams, 15.71 grams, 13.44 grams, and 26.98 grams. *Id.* ¶¶ 21–25. On May 3, 2007, a search warrant was executed on Defendant's residence and, at that time, 79.97 grams, 9.72 grams, 27.28 grams, and 18.21 grams of crack cocaine was seized, for a total of 135.18 grams of crack cocaine seized as a result of the search warrant. *Id.* ¶ 26.

On May 4, 2007, Defendant was charged by a criminal complaint for distributing crack cocaine and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. Crim. Compl., ECF No. 1. On May 24, 2007, Defendant was charged in a five-count Indictment with drug related offenses. Indictment, ECF No. 23. On November 18, 2008, Defendant pled guilty [ECF Nos. 124, 125] to Count Four of the Indictment [ECF No. 23], which charged him with his conduct on May 3, 2007, for possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The Court accepted the guilty plea [ECF No. 125]. The quantity of drugs involved in the offense of conviction totaled 135.18 grams of crack cocaine, and his relevant conduct (drugs and cash) involved a total of 304.25 grams of crack cocaine. PSR ¶¶ 31, 32–36.

Prior to Defendant's guilty plea, the Government filed an Information [ECF No. 118] pursuant to 21 U.S.C. § 851, indicating its intent to rely on any two of Defendant's prior felony drug convictions. Following Defendant's guilty plea, the Government filed an Amended Information [ECF No. 126] that cited only one of Defendant's prior felony drug convictions. As a result, Defendant's statutory mandatory minimum on Count Four increased from not less than 10 years to not less than 20 years with a maximum term of not more than life. *See* 21 U.S.C. § 841(b)(1)(A). If the Government had relied on more than one prior drug felony, Defendant would have been facing a mandatory term of life imprisonment without release. *See id.*

At the time of sentencing, the 304.25 grams of crack cocaine placed Defendant at a base offense level of 32, and he received a two-level enhancement because two handguns were discovered during the search of his residence. *See* PSR ¶ 42. However, because he had two prior felony drug convictions, Defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a). *See* PSR ¶ 46. As a result, his guideline calculation resulted in an offense level of 35 (base 37 minus 2 for acceptance of responsibility); with a criminal history category of VI, he faced a guideline range of 292 to 365 months imprisonment. *See* PSR ¶ 122. On February 26, 2009, the Court sentenced Defendant to 292 months imprisonment and a supervised release term of 10 years. *See* [ECF No. 130].

On November 5, 2014, Defendant filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on guideline amendments. [ECF No. 167]. The Court denied the motion. [ECF No. 177]. On April 19, 2017, Defendant filed a motion to vacate, premised on relief under 28 U.S.C. § 2255. [ECF No. 179]. On April 27, 2017, the Court dismissed the petition. [ECF No. 180]. Defendant appealed [ECF No. 183], and the Court of Appeals ultimately dismissed his appeal [ECF Nos. 204, 209]. On May 14, 2018, Defendant filed

3

another motion for a reduction of his sentence under § 3582 [ECF No. 210], which the Court denied because Defendant's career offender status precluded relief [ECF No. 211].

At this Court's direction, *see* [ECF No. 215], the U.S. Probation Officer reviewed Defendant's circumstances in light of the First Step Act and reported that, although Defendant's statutory minimum term of imprisonment is reduced to 10 years under the Fair Sentencing Act, his guideline range remains 292 to 365 months. *See* Addendum to PSR, ECF No. 218. However, the United States Probation Officer indicated that Defendant's mandatory minimum term of supervised release is now 8 years. *Id.* On September 6, 2019, Defendant, by counsel, filed the instant Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 226] and a Supplement [ECF No. 227]. On September 19, 2019, the Government filed its response [ECF No. 228].

## DISCUSSION

Defendant seeks a reduction in his sentence based on Section 404(b) of the First Step Act, which was signed into law on December 21, 2018. Defendant was originally sentenced on February 26, 2009, under the Anti-Drug Abuse Act of 1986, 100 Stat. 2307. At the time, the penalties for crack cocaine offenses treated one gram of crack cocaine as the equivalent of 100 grams of powder cocaine, referred to as the 100-to-1 ratio. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). Defendant's penalty was set forth in 21 U.S.C. § 841(b)(1)(A), which applied to an offense involving 50 grams or more of crack cocaine and triggered a statutory mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment. Under 21 U.S.C. § 841(b)(1)(B), an offense involving 5 grams or more of crack cocaine was punishable by a statutory mandatory minimum penalty of 5 years and a maximum sentence of 40 years.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), which lowered the 100-to-1 ratio to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260,

264 (2012). To achieve this end, Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amount of crack cocaine necessary to support the statutory ranges for convictions in 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010); *see also Dorsey*, 567 U.S. at 269. The threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(A) increased from 50 grams to 280 grams, and the threshold quantity of crack cocaine required to trigger the penalties under § 841(b)(1)(B) increased from 5 grams to 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372; *see also Dorsey*, 567 U.S. at 269. For example, an individual previously convicted of possessing more than 50 grams of crack cocaine faced a 10-year mandatory minimum under § 841(b)(1)(A); however, now an individual would have to possess more than 280 grams of crack cocaine to be subject to the same mandatory minimum. The Fair Sentencing Act did not provide relief to defendants who were sentenced prior to its enactment; however, the Supreme Court held in 2012 that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, for offenses committed before that date. *See Dorsey*, 567 U.S. at 273, 282.

On December 21, 2018, Congress enacted the First Step Act of 2018, which permits "[a] court that imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Thus, the First Step Act of 2018 makes Section 2 of the Fair Sentencing Act retroactive. Section 404(c) of the First Step Act sets out two instances in which a court may not consider a motion for a reduced sentence: if the sentence was already imposed or

reduced under the Fair Sentencing Act or if a court has already denied a motion made under Section 404 after a complete review of the motion on the merits. First Step Act, § 404(c). Finally, "[n]othing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

## A.     Eligibility—Section 404(a)

A defendant is eligible for a reduced sentence under Section 404(b) if he was sentenced for a "covered offense," defined in Section 404(a) as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." First Step Act, § 404(a), (b). Defendant was found guilty of Count Four of the Indictment, which charged him with possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. With one prior felony drug conviction, Defendant's applicable statutory sentencing range was 20 years to life under 21 U.S.C. § 841(b)(1)(A). Defendant committed the offense in 2007, and he was sentenced in 2009.

Defendant argues that he is eligible for relief because the statutory penalty for a violation involving 50 grams of crack cocaine—his offense of conviction—was modified by Section 2 of the Fair Sentencing Act. In contrast, the Government takes the position that Defendant's eligibility is not defined by the amount charged in the Indictment but rather by the amount of crack cocaine in the offense conduct, which was 135.18 grams in this case. It appears that a majority of courts to consider the issue have agreed with Defendant and found that a defendant's "eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct." *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. May 24, 2019); *see also United States v. Wirsing*, 943 F.3d 175, 185–86 (4th Cir. 2019) ("The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory

6

penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is [Defendant's] statute of conviction that determines his eligibility for relief." (internal citations omitted)); *United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019) ("It follows that whether an offense is 'covered' depends only on the *statute* under which the defendant was convicted."); *United States v. Mockabee*, No. 1:10-CR-3, 2020 WL 419349, at *3 (S.D. Ind. Jan. 27, 2020) (following the majority of courts to find that a "covered offense" is based on the statute of conviction and not the offense conduct); *United States v. Jones*, No. 10 CR 985, 2019 WL 4942365, at *2–3 (N.D. Ill. Oct. 8, 2019) ("The Court adds its voice to the growing chorus of courts that have found that in determining the eligibility of the defendant for relief under the First Step Act, courts should look to the language of the indictment and the statute of conviction, not the conduct of the defendant."); *United States v. Williams*, 402 F. Supp. 3d 442, 448 (N.D. Ill. 2019) (finding, after an analysis of both positions, that "the straightforward reading of 'offense' is that it refers to the offense of conviction, not the defendant's related conduct"); *United States v. Cole*, 1:09-CR-118, 2019 WL 3406872, at *3–4 (N.D. Ind. July 29, 2019) (finding that eligibility for relief under Section 404 is based on the statute of conviction without regard to actual offense quantities (citing cases)). The Government notes that, although the Seventh Circuit Court of Appeals has not yet addressed the issue, there are cases pending before the Seventh Circuit in which the district court's ruling was consistent with the Government's position. *See* Gov't Resp. Mot. Reduction of Sentence 6, ECF No. 228.[1]

---

[1] The Court further notes that oral argument was heard by the Seventh Circuit Court of Appeals on December 13, 2019, in the following pending appeals related to the First Step Act: *United States v. Shaw* (19-2067), *United States v. Robinson* (19-2069), *United States v. Grier* (19-2078), *United States v. Foulks* (19-2117), and *United States v. Young* (19-2520).

Under either position, the Fair Sentencing Act modified the statutory penalty for Defendant's offense in this case. His original statutory penalty was governed by 21 U.S.C. § 841(b)(1)(A) for an offense involving 50 grams or more of crack cocaine, and, with a prior felony drug conviction, the statutory penalty range was 20 years to life with 10 years of supervised release. Whether Defendant is held responsible for the 50 grams of crack cocaine he was charged with in Count Four or the offense conduct of 135.18 grams of crack cocaine, the amount exceeds 28 grams but does not exceed 280 grams and the lower penalties set forth in 21 U.S.C. § 841(b)(1)(B) now apply. Accounting for the prior felony conviction, Defendant's new statutory penalty range is 10 years to life with 8 years of supervised release. Therefore, Defendant is eligible under Section 404(b) because he committed the federal crack cocaine offense prior to August 3, 2010, he was sentenced prior to August 3, 2010, and the statutory penalty for his crack cocaine violation was modified by section 2 of the Fair Sentencing Act.

**B.      Relief—Section 404(b)**

Courts have limited grounds to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). One such scenario exists, as with the First Step Act, when "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. § 3582(c)(1)(B). Federal Rule of Criminal Procedure 43(b) provides that a defendant "need not be present" for a sentencing reduction when the "proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). The parties agree that a court deciding whether to impose a reduced sentence under Section 404 considers the revised statutory range under the Fair Sentencing Act, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation. *See, e.g.*, *United States v. Garrett*, No. 1:03-CR-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019) (quoting *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *United States v.*

*Shelton*, Cr. No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019). Whether to reduce the sentence is left to the Court's discretion. The parties agree that Defendant's term of supervised release should be reduced from 10 years to 8 years under 21 U.S.C. § 841(b)(1)(B); however, they disagree as to whether the Court should reduce Defendant's term of imprisonment.

As set forth above, the retroactive application of the Fair Sentencing Act reduces Defendant's statutory mandatory minimum from 20 years imprisonment and 10 years of supervised release to 10 years imprisonment and 8 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B). This significant reduction in the mandatory minimum reflects "Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses . . . ." *Garrett*, 2019 WL 2603531, at *3 (quoting *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019)).

In contrast, the applicable guideline range remains unchanged due to Defendant's career offender status. Defendant's offense statutory maximum remains life because of the prior felony drug conviction, *see* 21 U.S.C. § 841(b)(1)(B); as a result, his offense level remains 35 (37 minus the two-level reduction for acceptance of responsibility), *see* U.S. Sentencing Guidelines § 4B1.1(b). With a criminal history category of VI, his guideline range remains 292 to 365 months imprisonment.

But, eligibility for a reduced sentence under the First Step Act is not conditioned on a lowered guideline range. *Garrett*, 2019 WL 2603531, at *3; *Shelton*, 2019 WL 1598921, at *2. Because the First Step Act is the statutory basis for relief under 18 U.S.C. § 3582(c)(1)(B), the limitations of 18 U.S.C. § 3582(c)(2) related to Sentencing Commission guideline reductions are inapplicable. *See United States v. Boulding*, 379 F. Supp. 3d 646, 653 (W.D. Mich. 2019).

9

Defendants, like Mr. Sewell, "who scored under guidelines as career offenders and were therefore ineligible for relief in earlier rounds now have an opportunity to obtain relief under the First Step Act even though their technical guideline range remains unaffected." *Id*. Under the First Step Act, the court in *United States v. Bean* reduced an already-below guideline sentence despite an unchanged career offender guideline range. *See Bean*, 2019 WL 2537435, at *6. In doing so, the court considered that the statutory mandatory minimum, which had constrained the original sentence, had decreased by ten years; that the First Step Act allows a court to exercise the full range of its discretion consistent with the § 3553(a) factors; and that "the spread between the drug offense level and the career offense guideline has grown." *Id*. The court explained that, in that case, the difference between the high end of the drug offense guideline range before consideration of career offender status and the low end of the career offender guideline range had increased from less than 30 months at the time of the original sentence to 100 months under the First Step Act. *Id.* (comparing the Sentencing Table guideline ranges for the offense level of 31 in 2008 and for the lower offense level of 27 in 2019 with the unchanged career offender guideline range).[2]

In the instant case, Defendant's original offense level, before consideration of career offender status, of 34 resulted in a guideline range of 262 to 327 months, with the high end of that range *higher* than the low end of the career offender range of 292 to 365 months. However,

---

[2] The court in *Bean* compared the guideline range before and after consideration of career offender status, both at the time of the original sentence in 2008 and in considering the First Step Act motion in 2019. *See Bean*, 2019 WL 2537435, at *5. Bean's original drug offense guideline range in 2008, before consideration of career offender status, was 188 to 235 months for the offense level of 31; when compared with the career offender guideline range of 262 to 327 months, the difference was less than 30 months between the high end of the drug offense guideline range and the bottom of the career offender guideline range. In 2019, after the Fair Sentencing Act and all intervening drug guideline amendments, Bean's offense level had decreased to 27 and the corresponding drug offense guideline range, before consideration of career offender status, was 130 to 162 months; yet the career offender guideline range remained 262 to 327 months, with a difference of 100 months between the high end of the drug offense guideline range and the bottom of the career offender guideline range.

Defendant's current offense level, before consideration of career offender status, is 32, which results in a guideline range of 210 to 262 months. The high end of this range is now 30 months lower than the unchanged career offender guideline range of 292 to 365 months.

Where a statute places no restriction on the factors a court may consider in imposing a reduced sentence, the Court may consider all relevant § 3553(a) factors. *See, e.g.*, *Pepper v. United States*, 562 U.S. 476, 489–90 (2011). This includes post-sentencing conduct. *Id*. at 491 (explaining that postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors, which bear directly on the court's duty to impose a reduced sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing). In this case, Defendant has offered evidence of post-sentencing mitigation in the form of his exemplary record during his time in the Bureau of Prisons (BOP). He has received no disciplinary write ups for the entire period that he has been in the custody of the BOP. *See* Addendum to the PSR; Def.'s Suppl. Mot. Reduced Sentence, Ex. A, ECF No. 227-1. Defendant has also availed himself of numerous educational opportunities while in the BOP, including completion of 24 educational courses, and Defendant has been a Trust Fund Tutor since October 2014. *See* Addendum to the PSR at 3; Def.'s Suppl. Mot. Reduced Sentence, Ex. A.

Defendant has been in federal custody since May 3, 2007. PSR ¶ 1. Thus, he has been incarcerated for over 12 years, or 150 months. Defendant was 35 years old when he began serving his sentence, is currently 46 years old, and will be 55 years old on his projected release date of July 12, 2028. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 3, 2020). Defendant took advantage of the rehabilitative and educational opportunities available while in prison, notwithstanding his lengthy sentence.

As set forth above, the Court has considered Defendant's criminal history, offense conduct, offense of conviction, and exemplary conduct while incarcerated as well as the change

in the statutory penalty and the applicable guideline range. Having now considered the parties' arguments and the sentencing factors of § 3553(a), the Court exercises its discretion and reduces Defendant's sentence to 234 months, with 8 years of supervised release to follow, which is sufficient but not greater than necessary to accomplish the sentencing goals in § 3553(a).

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS:

1. Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 226] is GRANTED;

2. An Amended Judgment be entered reducing Defendant's sentence to 234 months imprisonment and 8 years of supervised release;

3. The provisions of Defendant's judgment of March 2, 2009, shall otherwise remain unchanged; and

4. This Opinion and Order, as well as the Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on March 9, 2020.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT