UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:07-CR-53-HAB |
| ) | |
| JIMMY SEWELL ) | |

## OPINION AND ORDER

"We are what we repeatedly do." - Aristotle

If Aristotle is correct, then Defendant is a motion to reduce his sentence. Defendant has filed two § 2255 motions, both unsuccessful. He then changed tact, filing essentially the same § 2255 motions but calling them motions for compassionate release under 18 U.S.C. § 3582. Now before the Court is the third such motion. (ECF No. 306). Because Defendant cannot show extraordinary or compelling reasons for release, this motion, too, will be denied.

**I.    Defendant's Crimes**

Five times between April 12, 2007, and April 30, 2007, Defendant sold crack cocaine to a confidential informant. The sales totaled more than eighty grams of crack. A subsequent search of Defendant's home found another 135.7 grams of crack cocaine, two handguns, scales, baggies, and cash. As a result, Defendant was charged with four counts of possession with intent to distribute 50 grams or more of crack cocaine and one count of maintaining a premises. Defendant pleaded guilty to one of the possession counts in exchange for the dismissal of the remaining counts. He received a sentence of 292 months with ten years of supervised release.

**II.   Legal Analysis**

The easiest argument to deal with is Defendant's continued assertion that his sentence is excessive under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2021). As much as this argument is,

yet again, a § 2255 motion in disguise, it is barred without authorization from the Seventh Circuit. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

The argument fares no better if styled as an extraordinary and compelling reason for release. The Seventh Circuit has repeatedly rejected the idea that the length of a defendant's sentence can constitute an extraordinary and compelling reason for release, no matter a change in law. *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *United States v. Brock*, 39 F.4th 462 (7th Cir. 2022). So even if Defendant's position were legally correct, he would not be entitled to compassionate release.

Next is Defendant's claim that he needs to be home to care for his daughter. As the Government notes, Defendant's administrative efforts at release were limited to his concerns over COVID exposure. (ECF No. 306 at 3). This limits the Court's ability to review any other grounds for release. Exhaustion of administrative remedies is a mandatory claim-processing rule and must be enforced if invoked by the Government. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The exhaustion requirement applies to each ground presented in a motion for compassionate release. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Because the Government has invoked Defendant's failure to exhaust with respect to his daughter (ECF No. 309 at 5), the Court cannot reach the merits of this argument.

What the Court is left with, then, is Defendant's COVID concerns. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that:

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies with respect to COVID. (ECF No. 309 at 5).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[1]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938

---

[1] Yet as *Gunn* made clear, the policy statement's requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

3

F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Consistent with his prior focus on *Ruth* as a basis for relief, Defendant's medical issues are little more than an afterthought. He states that he suffers from high blood pressure, diabetes, high cholesterol, obesity, hypertension, arthritis, anxiety, and sleep apnea, and that he needs surgery on both knees and his right shoulder. But Defendant's own records betray his claim that his medical conditions are severe enough to warrant relief. If Defendant is having issues with his diabetes, they appear to be caused by his own poor choices. (ECF No. 306-1 at 1, 2). His remaining claimed maladies are either missing from his medical records or fail to rise to the level where they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1. Those conditions, then, cannot rise to the level of extraordinary and compelling reasons for compassionate release. *See*, *e.g.*, *United States v. Manuel*, 2:08 CR 214, 2020 WL 7586922, at *2 (N.D. Ind. Dec. 22, 2020).

Because the Court does not find extraordinary and compelling reasons for release, it need not address the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Defendant has demonstrated no grounds for compassionate release, so his motion must be denied.

### III.    Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 306) is DENIED.

SO ORDERED on November 17, 2022.

                                               s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT