UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:07-CR-53-HAB-ALT |
| JIMMY L SEWELL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

The Court is in receipt of Defendant Jimmy L. Sewell's ("Defendant") letter (ECF No. 376) requesting his sentence be corrected under Rule 35 of the Federal Rules of Criminal Procedure. As best as the Court can tell, Defendant believes the Court's imposition of 60 months of imprisonment following the revocation of his supervised release amounts to an "illegal sentence" because his original sentence for the underlying federal drug crimes relied on an unlawful enhancement under 21 U.S.C. § 851.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)). That said, under Rule 35(a), the district court retains jurisdiction to correct a sentence "resulting from arithmetical, technical or other clear error" within 14 days of sentencing. Fed. R. Crim. P. 35(a).

Defendant's letter fails to identify any such error that would require this Court to correct his sentence. Instead, his request appears to be yet another half-hearted attempt to challenge his original sentence through a § 2255 motion in disguise, which is barred without authorization from

the Seventh Circuit. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because he has identified no error in the sentence and he has not been authorized by the Seventh Circuit to file a success § 2255 petition, the Court DENIES the relief requested in Defendant's letter. (ECF No. 376).

SO ORDERED on October 29, 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2